## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID MAURICE WILLIAMS** ) <br> **410 53RD STREET, NE** ) <br> **Washington, D.C. 20019** ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **REALPAGE, INC.** ) <br> ) <br> **Serve: United Corporation Services** ) <br> **1100 H Street, NW** ) <br> **Suite 840** ) <br> **Washington, D.C. 20005** ) <br> ) <br> **and** ) <br> ) <br> **GENUINE DATA SERVICES, LLC** ) <br> ) <br> **Serve: 12770 Colt Road, Suite 1150** ) <br> **Dallas, Texas 75251-1366** ) <br> ) <br> **Defendants.** | **CIVIL ACTION NO. 16-1588** <br><br> **JURY TRIAL DEMANDED** <br><br> **COMPLAINT** |

### PRELIMINARY STATEMENT

1. This is an action for damages brought by the Plaintiff, David Maurice, Williams, against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, *as amended.*

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff David Maurice Williams is an adult individual who resides in Washington, D.C.

5.     Defendant RealPage, Inc., ("RealPage") is a consumer reporting agency that provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. RealPage regularly conducts business in the District of Columbia and has a principal place of business at 4000 International Parkway, Suite 1000, Carrollton, TX.

6.     Defendant Genuine Data Services, LLC, ("GDS") is a consumer reporting agency that provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. GDS regularly conducts business in the District of Columbia and has a principal place of business at 12770 Coit Road, Suite 1150, Dallas, TX.

## FACTUAL ALLEGATIONS

7.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff to third parties (hereafter the "inaccurate information").

8.     The inaccurate information includes an inaccurate criminal history labeling the Plaintiff as a convicted criminal, and personal identifying information.

9.     Specifically, the inaccurate information includes, but is not limited to, charges/convictions of promoting prostitution in Georgia, criminal sexual conduct – first degree sexual motivation in South Carolina and forth degree sexual assault in Wisconsin, between 1981 and 2007, which do not belong to Plaintiff, but instead belong to another individual with a similar name.

10.     The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background.  It appears that Defendants, as a result of their unreasonable procedures, produced a consumer report that identified Plaintiff as being

2

charged/convicted of promotion of prostitution, criminal sexual conduct and sexual assault, because they mixed his criminal history with that of another person.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that they have disseminated to various persons and prospective landlords, both known and unknown.

12.     Plaintiff has applied for and has been denied for and delayed in obtaining housing opportunities, including but not limited to, a denial for an apartment with Benning Park Apartments in June 2015.  Plaintiff has been informed that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports with Defendants and that the inaccurate information was a substantial factor for the denial.

13.     Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff.  Had Defendants followed such procedures they would not have falsely reported false convictions on Plaintiff's consumer report.

14.     Specifically, Defendants did not use matching logic and algorithms that were designed to assure the maximum possible accuracy of the reports that Defendants sell.

15.     In this instance, Defendants returned matches for criminal records for "Wayne Edward Davis," "Donald Duck Washington," and "David A. Williams" even though the Plaintiff's name is David Maurice Williams.

16.     If Defendants had reasonable procedures to assure maximum possible accuracy, it could have easily determined that the information it attributed belonged to these other individuals—two of which did not even share a name that closely resembled Plaintiff's name.

17.     Moreover, Defendants prepare their consumer reports by matching only the consumer's first and last name to the criminal history information.

18.     Defendants do not use a consumer's middle name or middle initial as one of the criteria that they match when assembling a consumer's background report, which would have negated the match of "David A. Williams."

19.     Defendants did not use middle name as a criteria when matching criminal record information in preparing the consumer report that they sold about Plaintiff.  *See Smith v. LexisNexis Screening Solutions Inc.*, 76 F. Supp. 3d 651 (E.D. Mich. 2014).

20.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

21.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22.     At all times pertinent hereto, the conduct of the Defendants as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I –VIOLATIONS OF THE FCRA

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto, Defendants were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

28.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.


Respectfully submitted,

/s/  *Kristi Cahoon Kelly*
Kristi Cahoon Kelly, Esq. (Bar No. 974772)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone

(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

*Counsel for Plaintiff*