## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DAVID MAURICE WILLIAMS,**

      *Plaintiff*,

**v.**

**REALPAGE, INC. and GENUINE DATA SERVICES, LLC,**

      *Defendants*.

Civil Action No. 1:16-cv-01588

## DEFENDANT REALPAGE, INC.'S ANSWER

Defendant RealPage, Inc. ("RealPage"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff David Maurice Williams ("Plaintiff"). RealPage denies all allegations in the Complaint that RealPage does not expressly admit in this Answer.

RealPage responds to the specific allegations in the enumerated paragraphs in the Complaint as follows:

### PRELIMINARY STATEMENT

1.      RealPage admits that this action purports to relate to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA"). RealPage denies the remaining allegations of Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.      The allegations in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 2 are contrary to law, they are denied.

3.      The allegations in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 3 are contrary to law, they are denied.

## PARTIES

4.      RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5.      The allegation in Paragraph 5 of the Complaint that RealPage "is a consumer reporting agency" is a legal conclusion to which no response is required. To the extent that allegation in Paragraph 5 is contrary to law, it is denied. To the extent that a response is required, RealPage admits that in certain, limited instances it engages in the activity of a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).  RealPage admits that it provides a variety of products and services related to property management, resident services, leasing and marketing, and asset optimization in the rental housing industry. RealPage admits that it has an office located at 2201 Lakeside Boulevard, Richardson, Texas 75082. RealPage also admits that it conducts business in the District of Columbia.  RealPage denies the remaining allegations in Paragraph 5 of the Complaint.

6.      No answer is necessary to Paragraph 6 of the Complaint because the allegations are directed at GDS. To the extent a response is required, RealPage lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

## FACTUAL ALLEGATIONS

7.      To the extent the allegations in Paragraph 7 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same. RealPage states that it furnished a report to Benning Park Apartments regarding a David Maurice Williams on or around June 17, 2015.  RealPage lacks information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      The allegations in Paragraph 8 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, RealPage denies those allegations. RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9.      The allegations in Paragraph 9 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, RealPage denies those allegations. RealPage lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10.     To the extent the allegations in Paragraph 10 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same. To the extent that the allegations in Paragraph 10 are directed at RealPage, RealPage denies the allegations contained in Paragraph 10 of the Complaint.

11.     To the extent the allegations in Paragraph 11 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 11 are directed at RealPage, RealPage denies the allegations contained in Paragraph 11 of the Complaint.

12.     To the extent the allegations in Paragraph 12 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 12 are directed at RealPage, RealPage admits that it furnished a report to Benning Park Apartments regarding a David Maurice Williams on or around June 17, 2015.  RealPage denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     To the extent the allegations in Paragraph 13 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 13 are directed at RealPage, RealPage denies the allegations in Paragraph 13 of the Complaint.

14.     To the extent the allegations in Paragraph 14 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 14 are directed at RealPage, RealPage denies the allegations in Paragraph 14 of the Complaint.

15.     To the extent the allegations in Paragraph 15 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 15 are directed at RealPage, the allegations in Paragraph 15 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, RealPage denies those allegations.

16.     To the extent the allegations in Paragraph 16 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 16 are directed at RealPage, RealPage denies the allegations in Paragraph 16 of the Complaint.

17.     To the extent the allegations in Paragraph 17 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 17 are directed at RealPage, RealPage denies the allegations in Paragraph 17 of the Complaint.

18.     To the extent the allegations in Paragraph 18 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 18 are directed at RealPage, RealPage denies the allegations in Paragraph 18 of the Complaint.

19.     To the extent the allegations in Paragraph 19 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 19 are directed at RealPage, RealPage denies the allegations in Paragraph 19 of the Complaint.

20.     To the extent the allegations in Paragraph 20 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 20 of the Complaint are directed at RealPage, RealPage denies the allegations in Paragraph 20 of the Complaint.  RealPage denies that Plaintiff suffered any damages as a result of any actions or conduct by RealPage.

21.     To the extent the allegations in Paragraph 21 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 21 of the Complaint are directed at RealPage, the allegations state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 21 are contrary to law, they are denied.

22.     To the extent the allegations in Paragraph 22 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent that the allegations in Paragraph 22 of the Complaint are directed at RealPage, the allegations state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 22 are contrary to law, they are denied.

## COUNT I – VIOLATIONS OF THE FCRA

23.     RealPage repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

24.     To the extent the allegations in Paragraph 24 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same. To the extent that the allegations in Paragraph 24 are directed toward RealPage,

the allegations in Paragraph 24 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in Paragraph 24 are contrary to law, they are denied.

25.     The allegations in Paragraph 25 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 25 are contrary to law, they are denied.

26.     The allegations in Paragraph 26 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 26 are contrary to law, they are denied.

27.     To the extent the allegations in Paragraph 27 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent the allegations in Paragraph 27 of the Complaint are directed toward RealPage, RealPage denies the allegations in Paragraph 27 of the Complaint.

28.     To the extent the allegations in Paragraph 28 are directed toward GDS, RealPage lacks information sufficient to form a belief as to the truth of the allegations, and therefore, denies the same.  To the extent the allegations in Paragraph 28 of the Complaint are directed toward RealPage, RealPage denies the allegations in Paragraph 28 of the Complaint.

## JURY TRIAL DEMAND

28.     RealPage acknowledges that Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

RealPage denies the allegations contained in, and following, the unnumbered paragraph beginning with "WHEREFORE" following the second paragraph 28 of the Complaint.  RealPage specifically denies that Plaintiff is entitled to damages, whether actual, statutory or punitive, costs or attorney's fees.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that RealPage bears the burden of proof as to any of them, RealPage asserts the following defenses. RealPage intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against RealPage, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from RealPage.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that it is barred because all information RealPage communicated to any third person regarding Plaintiff was accurate.

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail himself of the rights he claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Plaintiff's alleged damages, if any, are speculative or uncertain and therefore not compensable.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that, at all relevant times with respect to Plaintiff, RealPage acted in good faith and complied fully with the FCRA.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claim fails to the extent that Plaintiff's purported damages, which RealPage continues to deny, were the result of acts or omissions of third persons over whom RealPage had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

## SIXTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff lacks statutory or Constitutional standing due to a lack of actual injury-in-fact.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff failed to protect himself from damages, if any, or failed to mitigate his alleged damages.

## NINTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent that some or all of his claims for relief in the Complaint are barred by applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

## TENTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against RealPage, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## ELEVENTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff was not caused by RealPage, but by intervening causes.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

## THIRTEENTH ADDITIONAL DEFENSE

RealPage reserves the right to assert additional defenses as they become known.

## **PRAYER FOR RELIEF**

WHEREFORE, RealPage requests this Court to enter a judgment:

1.      denying Plaintiff any and all relief in this case;

2.      dismissing Plaintiff's claims in their entirety;

3.      dismissing this case with prejudice;

4.      awarding RealPage its costs and attorneys' fees incurred in this case; and

5.      granting RealPage all other relief that the Court deems just and proper.

Dated: September 30, 2016

By: /s/ Mary C. Zinsner

TROUTMAN SANDERS, LLP
Mary C. Zinsner, D.C. Bar No. 430091
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: 703.734.4334
Email: mary.zinsner@troutmansanders.com

Ronald I. Raether, Jr., *pro hac vice*
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739
Email: Ronald.raether@troutmansanders.com

Jessica R. Lohr, *pro hac vice*
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858.509.6044
Facsimile: 858.509.6040
Email: Jessica.lohr@troutmansanders.com

Attorneys for Defendant
GENUINE DATA SERVICES, LLC

29285757

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of September, 2016, I filed the foregoing with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing (NEF) to all registered counsel listed below:

**<u>Counsel for Plaintiff</u>**
Kristi C. Kelly
Kelly & Krandall, PLC
4084 University Drive
Suite 202A
Fairfax, VA 22030
Phone: (703) 424-7572
Fax: (703) 591-0167
Email: kkelly@kellyandcrandall.com

By: /s/ Mary C. Zinsner

TROUTMAN SANDERS, LLP

Mary C. Zinsner, D.C. Bar No. 430091
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: 703.734.4334
Email: mary.zinsner@troutmansanders.com

Jessica R. Lohr, *pro hac vice*
Ronald I. Raether, Jr., *pro hac vice*
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
Genuine Data Services, LLC

29285757